S93Y0534. IN THE MATTER OF CHARLES A. PRESTO.
(435 SE2d 200)

PER CURIAM.

The State Bar filed a formal complaint against Respondent Charles A. Presto in 1991 for violations of Standards 4 and 25 of Rule 4-102. This case relates back to 1990, when a special master conducted impairment proceedings under Rule 7-101 et seq., finding that Respondent was impaired to the degree that he could not effectively represent his clients.

In February 1990, Respondent filed a complaint on behalf of his client in the United States District Court for the Northern District of Georgia. *Chris C. et al. v. Gwinnett County School District*, Civil Action No. 1:90-CV-343-RHH. This Court suspended Respondent from the practice of law pending completion of "treatment by a qualified medical facility" until such time as he no longer suffers from impairment. After this Court suspended Respondent, the District Court, pursuant to local rule 110-7 (a), suspended Respondent's right to practice law before that court. *In re Charles A. Presto*, No. AD89-3 (N.D. Ga. March 21, 1990).

After this suspension, the plaintiffs in *Chris C.* filed a notice that they would proceed pro se. On April 30, 1990, the Gwinnett County School District filed its Motion for Rule 35 Examination in *Chris C. v. Gwinnett County*. On or about June 5, 1990, Respondent filed a re-

sponse to this motion, addressing only Chris C.'s reply to the defendant's motion. Respondent signed the response "Charles A. Presto, pro se" along with his Georgia Bar number.

The State Bar alleges that Respondent violated standards 4 and 25 of Rule 4-102 (d). Standard 4 reads, "[A] lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit and wilful misrepresentation." By signing the response "pro se," the complaint alleges, Respondent claimed the status as a party when he knew he was not. In addition, Standard 25 prohibits a lawyer from practicing law "in a jurisdiction where to do so would be a violation of the regulations of the profession in that jurisdiction." Rule 4-102 (d). By responding to the defendant's motion, Respondent represented the plaintiff's interests in the District Court while his license to practice before that court was suspended.

Respondent requested a jury trial, which was denied by this Court. In his defense, Respondent alleges that OCGA § 15-19-14 grants an attorney's lien for work done in a case.[1] By responding to the defendant's motion, Respondent claims, he was simply protecting his legal interests. Furthermore, Respondent claims that since he is impaired, as determined by this Court, he was not properly served and cannot respond to these proceedings.

The special master conducted a hearing on these issues and ruled against Respondent. In accepting the findings of the special master, the Review Panel also found aggravating circumstances that it considered in determining appropriate discipline. The Panel recommended that Respondent be suspended from the practice of law. Under Rule 7-305, he would be allowed to request a hearing by a special master to determine if he has completed such treatment by a qualified medical facility. This court could then enter an order in Supreme Court Docket No. 747 and Impairment Docket No. 1 reinstating Respondent.

We adopt the Review Panel's recommendation and suspend Respondent Charles A. Presto from the practice of law until such time as he presents evidence pursuant to part VII of the bar rules that he has completed treatment by a qualified medical facility, along with a medical diagnosis finding that no continued impairment exists. This court will then consider taking the appropriate action for rescinding Respondent's suspension.

---

[1] OCGA § 15-19-14 reads:

(a) Attorneys at law shall have a lien on all papers and money of their clients in their possession for services rendered to them. . . .

(b) . . . Attorneys at law shall have the same right and power over the actions, judgments, and decrees to enforce their liens as their clients had or may have for the amount due thereon to them.

*Suspended. All the Justices concur.*

DECIDED NOVEMBER 4, 1993.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

